IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD STEPPE,

    Petitioner,    No. CIV S-08-3020 GGH P

    vs.

JERRY BROWN, Attorney General,

    Respondent.    ORDER AND

    _____/    FINDINGS & RECOMMENDATIONS

    Petitioner, apparently a pretrial detainee, purports to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The undersigned interprets such as a petition under § 2254 as state prisoners cannot access § 2241 for purposes of receiving relief in state criminal cases. Sass v. Cal. Brd. Of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir. 2006). Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee. Nevertheless, because this application appears on its face to be subject to summary dismissal, the court will proceed to screen this filing.

    Petitioner, currently housed in San Bernardino County, characterizes his filing as a "pretrial writ," and claims that he is subject to double jeopardy at state trial because during the

1

preliminary hearing the judge stated that as to one of three counts[1] he had found more than sufficient cause to believe petitioner was guilty of "non-willfull [sic] attempt [sic] murder," petitioner claiming that any "reuse" of evidence to support the finding of not guilty of a count of "willfull [sic] attempted murder" violates his constitutional rights.  See petition.  In addition to not being coherent, petitioner's contention is otherwise fatally flawed.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  The claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[3]

Alternatively, the court recommends that this action be dismissed because petitioner appears to be challenging ongoing criminal proceedings.  Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by

---

[1] Apparently, petitioner had also been charged with a separate count of murder and yet another of attempted murder.

[2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

granting injunctive or declaratory relief absent extraordinary circumstances. See <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971). <u>Younger</u> abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue. See <u>Middlesex County Ethic Comm. v. Garden State Bar Ass'n.</u>, 457 U.S. 423, 432 (1982).

Petitioner's pending state trial proceedings afford petitioner an adequate opportunity to raise the issue as to what evidence may be used to support each count with which he has been charged. This claim is barred by the <u>Younger</u> abstention doctrine as it challenges ongoing criminal proceedings.

Moreover, petitioner has not brought this action within the appropriate district as he is presently detained in San Bernardino County, a location this is within the jurisdiction of the Central District of California.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Should petitioner seek to proceed upon objections to these findings and recommendations, petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a further and separate ground for dismissal of this action;

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district; and

3. The Clerk of the Court is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file

written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2008

                         /s/ Gregory G. Hollows

                         UNITED STATES MAGISTRATE JUDGE

GGH:009
step3020.dsm