IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD STEPPE,

    Petitioner,                      No. CIV S-08-3020 JAM GGH P

    vs.

JERRY BROWN, Attorney General,

    Respondent.                  FINDINGS & RECOMMENDATIONS

_____/

        On February 17, 2009, judgment was entered in this case pursuant to an Order, filed on the same day, summarily dismissing this case. The Order of dismissal adopted the Findings and Recommendations, filed on December 18, 2008, wherein petitioner, an apparent pretrial detainee housed in San Bernardino County purported to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which he characterized as a "pretrial writ."[1] The undersigned interpreted the incoherent filing as being made pursuant to 28 U.S.C. § 2254 and found that petitioner had failed to exhaust state court remedies on his claim of being subject to double jeopardy at state trial; in the alternative, the court found that because petitioner appeared

---

[1] Petitioner neither filed an in forma pauperis affidavit nor paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

1

to be challenging ongoing state criminal proceedings, his claim was barred by the Younger[2] abstention doctrine, under which, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  In addition, the undersigned noted that petitioner had failed to bring this action within the appropriate district, given his detention in San Bernardino County, a location within the jurisdiction of the Central District of California.

Following entry of judgment, petitioner filed a document entitled "motion to rehear or reconsider," which the court will construe as a motion pursuant to Fed. R. Civ. P. 60(b). Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The court has reviewed petitioner's motion and finds that petitioner has added nothing new or substantive that was not previously before it, nor does he demonstrate a sufficient basis for the court to find that the judgment was mistaken.  Instead, petitioner emphasizes this court's lack of jurisdiction over his mis-filed case and seeks to have this matter re-opened and transferred to the appropriate district.[3]  As noted above, the undersigned, in recommending

---

[2] See, Younger v. Harris, 401 U.S. 37, 43-54 (1971).

[3] Alternatively, petitioner asks the court to construe the request as a notice of appeal.  If these findings and recommendations are adopted, petitioner is not precluded from filing a notice of appeal at that time.

1 dismissal, pointed out that the appropriate jurisdiction for petitioner's application was the Central
2 District of California. Because, however, the filing was on its face patently defective, the court
3 in an effort to promote judicial efficiency and economy, dismissed, rather than transferred, this
4 putative petition. Nothing petitioner has submitted in his motion undermines the appropriateness
5 of that conclusion, offers any new evidence or substantive basis for re-opening this case, or
6 presents any argument or reasoning the court had not previously considered.

7 Accordingly, IT IS RECOMMENDED that petitioner's March 9, 2009 (docket #
8 9), "motion to ... reconsider," construed as a motion pursuant to Fed. R. Civ. P. 60(b), be denied.

9 These findings and recommendations will be submitted to the United States
10 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
11 twenty days after being served with these findings and recommendations, petitioner may file
12 written objections with the court. The document should be captioned "Objections to Findings
13 and Recommendations." Petitioner is advised that failure to file objections within the specified
14 time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153
15 (9th Cir. 1991).

16 DATED: October 14, 2009                    /s/ Gregory G. Hollows

17                                            UNITED STATES MAGISTRATE JUDGE

GGH:009
step3020.fr